# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE HENRY, SR.<br>8843 Breinig Run Circle<br>Breinigsville, PA 18031<br><br>　　　　　Plaintiff,<br>　　v.<br><br>GOODWILL KEYSTONE AREA d/b/a<br>GOODWILL<br>1150 Goodwill Drive<br>Harrisburg, PA 17101<br><br>　　　　　Defendant. | CIVIL ACTION<br><br>No.:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Jesse Henry, Sr. (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Goodwill Keystone Area d/b/a Goodwill (hereinafter referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff was unlawfully terminated by Defendant, and he suffered damages more fully described/sought herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-

---

[1] Plaintiff intends to amend his instant lawsuit to include claims under the PHRA once his administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7. Plaintiff is an adult who resides at the above-captioned address.

8. Goodwill Keystone Area d/b/a Goodwill is a non-profit corporation operating several Goodwill thrift stores and business services in multiple Pennsylvania counties, with headquarters located at the above-captioned address. Plaintiff was hired through and worked from one such facility located at 7720 Main Street, Fogelsville, PA 18051.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was employed by Defendant for approximately 2.5 months, from on or about September 15, 2022, until his unlawful termination (discussed further *infra*) on or about December 2, 2022.

12. Plaintiff was employment by Defendant as a "wares specialist."

13. During his employment with Defendant, Plaintiff was primarily supervised by General Manager, Donna Brown (hereinafter "Brown") and generally by Assistant Manager, Kirsten (last name unknown, hereinafter "Kirsten") and Retail District Director, Andrew Koons (hereinafter "Koons").

14. Throughout his employment with Defendant, Plaintiff was a hard-working employee who performed his job well.

15. Plaintiff has and continues to suffer from several long-standing ADA-qualifying health conditions, including but not limited to Cerebral Palsy ("CP"), and other health complications.

16. As a result of his aforesaid serious health conditions, Plaintiff walks awkwardly to anyone observing (and probably in a stereotypical manner with respect to someone suffering from CP). Plaintiff also has significant balance problems, which causes difficulty lifting heavier items

and walking simultaneously. Plaintiff can however lift heavy objects, provided extensive walking is not required.

17. Despite his aforementioned work-related injuries/serious health conditions and limitations, Plaintiff was still able to perform the essential duties of his job well with Defendant; however, Plaintiff did require reasonable medical accommodations at times (discussed further *infra*).

18. At all relevant times hereto, Defendant's management was aware of the nature of Plaintiff's aforesaid disabilities and need for medical accommodations because: (1) as discussed *supra*, Plaintiff's aforesaid disabilities were readily apparent and observable; (2) Plaintiff informed Brown about the nature of his disabilities at the onset of his employment with Defendant; and (3) shortly after his hire, Plaintiff requested the reasonable accommodations of a chair so that he could sit and sort Respondent's goods and clear and unobstructed pathways in the storage area to enable him to easily move about.

19. Plaintiff's aforesaid requested accommodations should have been easy to grant by Respondent as Plaintiff's role was basically a sedentary job, pricing goods, during which he sat throughout the day. However, Respondent initially only provided Plaintiff with a stool, lacking any back support for him while pricing and handling goods from a hamper, and failed to keep the pathways in his work area/back room free from obstacles, making it difficult and sometimes impossible for Plaintiff to navigate his workspace.

20. Nonetheless, Plaintiff worked very hard and handled his role efficiently.

21. It would be very rare that Plaintiff would have to lift and walk as part of his job. However, there were occasions when he would have a heavy box that may need to be transferred or moved. In those instances, Plaintiff would merely ask for help, and Kirsten confirmed it was

no problem to occasionally ask another employee to help lift or move something if needed. In fact, several older and/or more frail employees seemed to seek even more assistance than Plaintiff.

22. Brown, however, exhibited clear frustration with and appeared visibly disgusted by Plaintiff's aforesaid serious health conditions and requested accommodations. By way of example but not intended to be an exhaustive list, Brown:

   a. Was very cold, demeaning, and unempathetic toward Plaintiff;

   b. Would walk behind Plaintiff or near him and basically look Plaintiff up and down as if he was annoying her with his appearance and manner of moving (or just not moving quick enough);

   c. Despite the mission and purpose of Respondent, Brown exhibited no tolerance with Plaintiff's disabilities and/or limitations, and only cared about numbers, revenue, and maximum efficiency;

   d. Brown would on occasion tell Plaintiff to move a heavy box, and Plaintiff had to have several discussions with Brown explaining that he suffered from CP, and if he walked with the heavy box, he could fall and damage the contents. In response, Brown shook her head at Plaintiff in annoyance, and on at least one occasion asked: Can you even do this job?" (when Plaintiff had merely requested occasional help as a lifting medical accommodation);

   e. On another occasion, Brown was so cruel to Plaintiff that right in front of her Plaintiff asked for help lifting a large and heavy box filled with glass, and Brown responded nastily, "No, do it yourself." Plaintiff then lifted the box, started walking, and fell down breaking the glass contents. Brown stood by, watched Plaintiff fall right in front of her, and did not even lean in to assist as it was

occurring. Brown then dismissively ordered Plaintiff to clean it up, shook her head, and walked away;

f. Brown advised other employees that they were not to assist or help Plaintiff in any way; and

g. After Plaintiff was oriented and fully understood his role following on-the-job training, Plaintiff was processing items effectively (and at least at an average pace as others, if not faster in some cases). Nonetheless, Brown claimed that his productivity was low and manufactured a false production rate for Plaintiff – which upon information and belief was verified as false and for which Brown was confronted by other management about fabricating a lower number just to give Plaintiff a hard time.

23. Leading up to his unlawful termination, Plaintiff and his wife (a former employee of Respondent in another location) expressed concerns with Koons verbally and in writing about how unfairly Plaintiff was being treated with respect to his aforesaid health conditions and requested accommodations. Plaintiff was assured by Koons that he would look into Plaintiff's complaints, and Plaintiff would not experience any discrimination or retaliation.

24. Plaintiff had also directly objected/complained to Brown that he felt she was not giving him a fair chance and was mistreating him "because of [his] disability."

25. However, instead of meaningfully investigating or addressing Plaintiff's aforesaid concerns of discrimination and retaliation, Plaintiff was abruptly terminated by Brown on or about December 2, 2022, **just one day** following Plaintiff's most recent complaints in person with Koons on his visit to Respondent's Fogelsville, PA location.

26. Plaintiff was informed by Brown that the reason for his termination was purported low productivity. However, this is completely contrary to Koons' discussions with both Plaintiff in his wife, during which Koons informed them that Respondent's mission at Goodwill is to help people with disabilities, and no employee with a health problem would be terminated for low productivity.

27. Nonetheless, despite that Plaintiff was in fact productive (and did not have or exhibit "low productivity") and performed his job well, Plaintiff was terminated allegedly for a reason Koons advised would not be any type of basis for Plaintiff's termination.

28. Prior to his termination, while Defendant's management did grant some of Plaintiff's accommodations (*i.e.,* a stool to sit on while performing his job duties), Defendant's management failed to provide Plaintiff other accommodations (*i.e.,* unobstructed pathways in his work area/back room and assistance with occasionally having to left heavy boxes) – despite that Defendant's management could easily have done the same.

29. Plaintiff believes and therefore avers that he was subjected to a hostile work environment and terminated because of: (1) his known and/or perceived health problems; (2) his record of impairment; (3) his requested accommodations (which constitutes illegal retaliation); (4) his expressed concerns of unfair treatment because of his health conditions and requested accommodations; and (4) Defendant's failure to properly accommodate him (discussed *supra*).

**COUNT I**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**(1] Actual/Perceived/Record of Disability Discrimination; [2] Hostile Work Environment; [3] Retaliation; [4] Failure to Accommodate; and [5] Wrongful Termination)**

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Plaintiff suffered from qualifying health conditions under the ADA which affected

his ability (at times) to perform some daily life activities.

32. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant, however, Plaintiff did require reasonable medical accommodations at times.

33. Plaintiff kept Defendant informed of his serious medical conditions and need for medical treatment and other accommodations.

34. Plaintiff requested reasonable accommodations from Defendant, including but not limited to the ability to use a chair while performing his primarily sedentary job, unobstructed pathways in his work area/back room, and assistance with occasionally having to lift heavy boxes.

35. While Defendant's management did grant some of Plaintiff's accommodations (*i.e.,* a stool to sit on while performing his job duties), Defendant's management failed to provide Plaintiff other accommodations (*i.e.,* unobstructed pathways in his work area/back room and assistance with occasionally having to lift heavy boxes).

36. Instead, Plaintiff was subjected to hostility and animosity due to his health conditions and/or requests for accommodations through demeaning and/or discriminatory treatment, as well as pretextual admonishment and discipline (as discussed *supra*).

37. Plaintiff complained of and objected to the aforementioned instances of disparate treatment, disability discrimination, and retaliation to Defendant's management, but his concerns were not properly addressed.

38. Instead, Plaintiff was terminated, on or about December 2, 2022, in close temporal proximity to requesting/utilizing accommodations for his own health conditions, as well as his objections to/complaints of unfair treatment as a result of the same.

39. Plaintiff believes and therefore avers that he was subjected to a hostile work

environment and retaliation because of (1) his known and/or perceived health problems; (2) his record of impairment; (3) his requested accommodations; (4) his expressed concerns of unfair treatment as a result of his disabilities and requested accommodations; and (5) Defendant's failure to properly accommodate him (discussed *supra*).

40. Plaintiff further believes and therefore avers that his disabilities were a motivating/determinative factor in the termination of his employment with Defendant.

41. Defendant's actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress/pain and suffering);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law; and

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

         Respectfully submitted,

         **KARPF, KARPF & CERUTTI, P.C.**

By: _____
         Ari R. Karpf, Esq.
         3331 Street Road
         Two Greenwood Square, Suite 128
         Bensalem, PA 19020
         (215) 639-0801
         *Attorneys for Plaintiff*

Dated: June 19, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Jesse Henry Sr. | : | CIVIL ACTION |
| v. | : | |
| | : | |
| Goodwill Keystone Area d/b/a Goodwill | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 6/19/2023 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 8843 Breinig Run Circle, Breinigsville, PA 18031

Address of Defendant: 1150 Goodwill Drive, Harrisburg, PA 17101

Place of Accident, Incident or Transaction: Defendant's place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/19/2023   _____ (signature)   ARK2484 / 91538
         *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 6/19/2023   _____ (signature)   ARK2484 / 91538
         *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HENRY, SR., JESSE

**(b)** County of Residence of First Listed Plaintiff: Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
GOODWILL KEYSTONE AREA D/B/A GOODWILL

County of Residence of First Listed Defendant: Dauphin
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
[X] 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 6/19/2023
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

Print    Save As...    Reset