IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSE HENRY, SR., | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | NO. 5:23-cv-02327 |
| | : | |
| GOODWILL KEYSTONE AREA, | : | |
| d/b/a/ GOODWILL, | : | |
|     Defendant | : | |
| | : | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, Goodwill Keystone Area ("Goodwill"), by and through its counsel, McNees Wallace & Nurick LLC, answers Plaintiff's Complaint (Doc. 1) and asserts affirmative defenses as follows:

### INTRODUCTION

1. Paragraph 1 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, the averments in Paragraph 1 are denied. Goodwill denies any violations of the Americans with Disabilities Act (the "ADA") or the Pennsylvania Human Relations Act ("PHRA"), and further denies that it engaged in any unlawful conduct and that Plaintiff suffered any damages or is entitled to any relief.

## JURISDICTION AND VENUE

2. Paragraph 2 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, it is admitted only that Paragraph 2 alleges this Court has subject matter jurisdiction over the claims which Plaintiff purports to raise and that subject matter jurisdiction is proper. Goodwill denies any violations of the ADA or the PHRA, and further denies that it engaged in any unlawful conduct and that Plaintiff suffered any damages or is entitled to any relief.

3. Paragraph 3 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, it is admitted only that Paragraph 3 alleges that this Court has personal jurisdiction over the parties in this matter and that personal jurisdiction is proper. Goodwill denies any violations of the ADA or the PHRA, and further denies that it engaged in any unlawful conduct and that Plaintiff suffered any damages or is entitled to any relief.

4. Paragraph 4 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, it is admitted only that Paragraph 4 alleges that venue is proper in this Court. Goodwill denies any violations of the ADA or the PHRA, and further denies that it engaged

in any unlawful conduct and that Plaintiff suffered any damages or is entitled to any relief.

5. Paragraph 5 sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, it is admitted only that Plaintiff filed a Charge of Discrimination with the EEOC, which was dual filed with the PHRC. Goodwill denies any violations of the ADA or the PHRA, and further denies that it engaged in any unlawful conduct and that Plaintiff suffered any damages or is entitled to any relief.

## Parties

6. Goodwill's answers to Paragraphs 1 through 5 are incorporated herein by reference as if set forth in full.

7. Admitted, upon information and belief.

8. Denied as stated. By way of further response, Goodwill is a non-profit corporation that provides a variety of programs and services designed to serve Goodwill's mission, which is to advance sustainability so that individuals and families can thrive and flourish. Goodwill provides employment services and operates donation centers throughout the twenty-two (22) counties across central and eastern Pennsylvania where it operates. Plaintiff was employed at the Goodwill store located at 7720 Main Street, Fogelsville, PA 18051. To

the extent the averments set forth in Paragraph 8 contradict this response, they are denied.

9. Paragraph 9 sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, it is denied. Goodwill denies any violations of the ADA or the PHRA, and further denies that it engaged in any unlawful conduct and that Plaintiff suffered any damages or is entitled to any relief.

## **ALLEGED FACTUAL BACKGROUND**

10. Goodwill's answers to Paragraphs 1 through 9 are incorporated herein by reference as if set forth in full.

11. Denied as stated. By way of further response, Goodwill hired Plaintiff on or about September 14, 2022. Plaintiff's employment with Goodwill was terminated on or about December 2, 2022. Responding further, Goodwill denies any violations of the ADA or the PHRA, and further denies that it engaged in any unlawful conduct and that Plaintiff suffered any damages or is entitled to any relief. To the extent the averments set forth in Paragraph 11 contradict this response, they are denied.

12. Admitted.

13. Denied as stated. By way of further response, Plaintiff was supervised by the Fogelsville store General Manager, Donna Brown, and by the Assistant Store

Manager, Kirsten Barron. To the extent the averments set forth in Paragraph 13 contradict this response, they are denied.

14. Denied. By way of further response, Plaintiff consistently performed below the standards of performance required of the Wares Specialist position.

15. Paragraph 15 sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, it is denied. Goodwill demands strict proof of the averments set forth in Paragraph 15 at trial in this matter.

16. Paragraph 16 sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, it is denied. Goodwill demands strict proof of the averments set forth in Paragraph 16 at trial in this matter.

17. Denied.

18. Denied as stated. By way of further response, Plaintiff made the Fogelsville Store Manager, Donna Brown, aware of his alleged disability during his interview for the position. Responding further, Goodwill provided Plaintiff with several accommodations throughout his brief employment with Goodwill, including providing him with a chair to allow him to sit while he performed his job duties. Responding further, Goodwill specifically denies that Plaintiff requested an accommodation that included "unobstructed

pathways in the storage area." To the extent the averments set forth in Paragraph 18 contradict this response, they are denied.

19. Denied as stated. By way of further response, Goodwill denies that the Wares Specialist position is a sedentary job. Answering further, Goodwill provided Plaintiff two varieties of chairs throughout his employment, and Plaintiff did not request additional accommodations. Answering further, Goodwill specifically denies that it failed to keep pathways in Plaintiff's work area/back room free from obstacles. To the extent the averments set forth in Paragraph 19 contradict this response, they are denied.

20. Denied. Goodwill incorporates herein by reference its response to Paragraph 14 as if set forth in full.

21. Denied.

22. Denied. Goodwill denies the averments set forth in Paragraph 22 and its subparts, A through G.

23. Denied. By way of further response, Goodwill's Retail District Direct, Andrew Koons, met with Plaintiff in the Fogelsville store to discuss Plaintiff's performance and substandard production output, during which meeting Plaintiff denied experiencing discriminatory treatment and assured Mr. Koons that the staff at the Fogelsville store had been helpful toward Plaintiff.

24. Denied.

25. Denied.

26. Denied. By way of further response, Goodwill terminated Plaintiff's employment during his probationary period for poor performance.

27. Denied.

28. Denied as stated. By way of further response, Goodwill incorporates herein by reference its response to Paragraph 18 above as if set forth in full. Responding further, Goodwill denies any violations of the ADA or the PHRA, and further denies that it engaged in any unlawful conduct and that Plaintiff suffered any damages or is entitled to any relief. To the extent the averments in Paragraph 28 contradict this response, they are denied.

29. Paragraph 29 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, they are denied. Goodwill denies any violations of the ADA or the PHRA, and further denies that it engaged in any unlawful conduct and that Plaintiff suffered any damages or is entitled to any relief.

### COUNT I
### Alleged Violations of the ADA

30. Goodwill's answers to Paragraphs 1 through 29 are incorporated herein by reference as if set forth in full.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Admitted in part and denied in part. It is admitted only that Goodwill provided Plaintiff with accommodations. All remaining averments in Paragraph 35 are denied.

36. Denied.

37. Denied.

38. Denied.

39. Paragraph 39 sets forth legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, they are denied. Goodwill denies any violations of the ADA or the PHRA, and further denies that it engaged in any unlawful conduct and that Plaintiff suffered any damages or is entitled to any relief.

40. Paragraph 40 sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, it is denied. Goodwill denies any violations of the ADA or the PHRA, and further denies that it engaged in any unlawful conduct and that Plaintiff suffered any damages or is entitled to any relief.

41. Paragraph 41 sets forth a legal conclusion to which no response is required. To the extent a response is deemed necessary, it is denied.

Plaintiff's unnumbered "WHEREFORE" paragraph and its subparts, A through F, set forth a prayer for relief to which no response is required. To the extent a response is deemed necessary, it is denied that Plaintiff was subjected to any unlawful conduct, suffered any damages, or is entitled to any relief.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a cause of action under the ADA and PHRA that entitles him to any of the damages and relief sought therein.

2. Plaintiff cannot prove he suffered intentional discrimination because of an alleged disability.

3. All employment decisions made, and actions taken by Goodwill with respect to Plaintiff were made or taken for lawful, legitimate, non-discriminatory, and non-retaliatory reasons that were not pretextual.

4. All employment decisions and actions taken by Goodwill with respect to Plaintiff were made or taken in good faith.

5. Plaintiff cannot prove that he engaged in any protected activity.

6. Plaintiff cannot prove a causal nexus between any alleged protected activity and the termination of his employment.

7. Plaintiff cannot prove that Goodwill's proffered legitimate business reasons for his discharge were pretext for discrimination or retaliation.

8. Assuming, *arguendo*, that Goodwill acted with an unlawful motive, though it did not, it would have taken or made the same actions or decisions with regard to Plaintiff in the absence of said alleged unlawful motive.

9. Plaintiff cannot prove he was subjected to harassment, and he cannot establish severe or pervasive treatment.

10. Plaintiff cannot establish *respondeat superior* liability.

11. Plaintiff has a duty to mitigate his alleged damages and losses, entitlement to recovery for which is expressly denied. Any claim for relief must be set off and/or reduced by all compensation and benefits received by Plaintiff or which Plaintiff would have received with the exercise of reasonable diligence.

12. If Plaintiff suffered any damages or losses, such damages or losses were caused, in whole or in part, by his own acts, omissions, or conduct.

13. Plaintiff is barred from recovering punitive damages because Goodwill did not act with malice or reckless indifference to Plaintiff's protected rights and Goodwill engaged in good faith efforts to comply with the law.

14. Goodwill reserves the right to assert additional defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, Goodwill respectfully requests that this Court enter judgment in its favor and against Plaintiff, and to dismiss this matter in its entirety.

Respectfully submitted,

McNEES WALLACE & NURICK LLC

Date: August 18, 2023          By      /s/Austin W. Wolfe
                                       Schaun D. Henry (80597)
                                       Austin W. Wolfe (324056)
                                       100 Pine Street
                                       P.O. Box 1166
                                       Harrisburg, PA 17108
                                       shenry@mcneeslaw.com
                                       awolfe@mcneeslaw.com
                                       *Attorneys for Defendant,*
                                       *Goodwill Keystone Area*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, a true and correct copy of the foregoing document was served upon the following attorneys of record for the Plaintiff through the ECF system of this Court:

>Ari R. Karpf, Esq.
>Karpf, Karpf, & Cerutti, P.C.
>Two Greenwood Square, Suite 128
>Bensalem, PA 19020

Date:  August 18, 2023     /s/Austin W. Wolfe